UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

DENISE BANGART, on behalf of herself
and those similarly situated,

    Plaintiff,

                             CASE NO.:

      vs.

HEARTLAND FINANCIAL USA, INC., a
Foreign Business Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiff, DENISE BANGART, on behalf of herself and those similarly situated, by and through the undersigned attorneys, sue the Defendant, HEARTLAND FINANCIAL USA, INC., a Foreign Business Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**Parties**

2. Plaintiff was a Mortgage Loan Originator ("MLO") who worked for Defendant in Calumet County, Wisconsin.

3. Defendant owns and operates(d) at least nineteen (19) banking locations throughout the state of Wisconsin.

4. Plaintiff, DENISE BANGART, worked for Defendant[1] as a Mortgage Loan Originator from approximately July 2009 to February 2, 2019, at Defendant's Chilton banking location.

5. Defendant, HEARTLAND FINANCIAL USA, INC., is a Foreign Business Corporation, that operates in Wisconsin and is therefore within the jurisdiction of this Court.

**Jurisdiction**

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every Mortgage Loan Officer ("MLO") who worked for Defendant at any Wisconsin Bank and Trust location at any time within the two (2) year period (i.e. from January 2017 to January 2, 2019) (hereinafter "the relevant period").

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

**Factual Allegations**

8. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

9. Defendant earned more than $500,000.00 per year in gross earnings during 2017.

10. Defendant earned more than $500,000 in gross earnings during 2018.

11. Defendant employed at least two (2) employees engaged in interstate commerce during 2017.

---

[1] Plaintiff was hired by Wisconsin Bank and Trust on or around July 1998. Defendant later acquired Wisconsin Bank and Trust. Plaintiff has been employed with Defendant at all material times

2

12. Defendant employed at least two (2) employee engaged in interstate commerce during 2018.

13. Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant because of her use of computers, telephones, email and other banking equipment which transmitted communications and currency throughout interstate commerce.

14. Plaintiff also routinely and regularly handled goods, materials and supplies which had travelled in interstate commerce.

15. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§201-209.

16. During her employment with Defendant, Plaintiff and those similarly situated MLOs often times worked in excess of sixty (60) to seventy (70) hours per week.

17. During her employment with Defendant, Plaintiff and those similarly situated MLOs often times worked off-the-clock either because they were told to or they were expected to do so.

18. During her employment with Defendant, Plaintiff and those similarly situated MLOs often were required to clock in from 9:00 a.m. to 5:00 p.m. but perform work for Defendant from 8:30 a.m. to 10:00 p.m.

19. During her employment with Defendant, Plaintiff and those similarly situated MLOs often times reported to work early or stayed late for meetings that were not counted as compensable work hours.

20. During her employment with Defendant, Plaintiff and those similarly situated MLOs often traveled between job tasks or assignments in the day but were not paid for the travel time

(2017-19) that are the subject of this lawsuit.

between jobs or assignments.

21. Defendant was aware of this practice and continued to pressure and force their MLOs to perform work without compensating them for all hours worked in accordance with the law.

22. In fact, Plaintiff and those similarly situated MLOs were told by Defendant that they could no longer claim overtime hours.

23. Because of this practice, Plaintiff and those similarly situated MLOs were not paid complete overtime compensation for all overtime hours worked by them.

24. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated MLOs are in the possession and custody of Defendant.

## COLLECTIVE ACTION ALLEGATIONS

25. The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who suffered from the same pay practice of performing work in excess of forty (40) hours per week without being paid complete overtime compensation for overtime hours worked by them.

26. Plaintiff and the class members performed the same or similar job duties as one another in that they provided mortgage loan services for Defendant.

27. Plaintiff and the class members met with applicants, obtained information for loan applications, answered questions about the process, and assisted in getting loan approved within specified limits subject to additional qualifications.

28. Plaintiff and the class members were required to work in excess of forty (40) hours

4

per week without being compensated for all overtime hours worked in violation of the FLSA.

29. Further, as a result of Defendant's common policy violations, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working in excess of forty (40) hours per week without receiving proper overtime compensation.

30. Thus, the class members are similar regarding their wages for the same reasons as Plaintiff.

31. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of statutorily mandated overtime compensation to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All Mortgage Loan Officer who worked for Defendant at its Wisconsin Bank and Trust locations between January 2017 and January 2, 2019**

32. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members at the statutorily prescribed overtime compensation rate.

33. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

34. During the relevant period, Defendant violated § 7(a)(1), § 15(a)(2) and § 203(m), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without

5

compensating such employees for their overtime hours worked at the statutorily prescribed rate within a work week during one or more weeks.

35. Defendant acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35 above.

37. Plaintiff and those similarly situated MLOs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

38. During their employment with Defendant, Plaintiff and those similarly situated MLOs were forced to perform work off-the-clock, and thus, were not paid complete overtime compensation for any overtime hours worked off-the-clock.

39. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated MLOs time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff and those similarly situated MLOs have suffered damages plus are incurring reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated MLOs are entitled to liquidated damages.

41. Defendant ultimately failed to pay Plaintiffs for *all* hours worked.

42. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

6

Case 2:19-cv-01021-JPS   Filed 07/17/19   Page 6 of 7   Document 1

43. Defendant did not rely upon a good faith defense in their decision to make Plaintiffs work off-the-clock.

44. Plaintiff and the class members are entitled to overtime pursuant to 29 U.S.C. § 207.

45. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DENISE BANGART, on behalf of herself and those similarly situated, demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, conditional certification of a collective action and any and all further relief that this Court determines to be just and appropriate.

Dated this 17th day of July, 2019.

*s/ Carlos V. Leach*
Carlos V. Leach, Esq.
FBN: 0540021
Pro Hac Vice (motion forthcoming)
THE LEACH FIRM
1950 Lee Road
Suite 213
Winterpark, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: cleach@TheLeachFirm.com
Email: yhernandez@theleachfirm.com

**Counsel for Plaintiff**

*s/ Verona Swanigan*
Verona Swanigan, Esq.
SBN: 1086459
THE SWANIGAN FIRM
425 W. Capitol Ave.,
Ste #1533
Little Rock, Arkansas 72201
Telephone: (866) 603-5239
Facsimile: (866) 603-5239
Email: veronaS25@outlook.com

**Counsel for Plaintiff**