# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DENISE BANGART,

                Plaintiff,

v.

                Case No. 19-CV-1021-JPS

WISCONSIN BANK & TRUST,

                **ORDER**

                Defendant.

On September 30, 2019, Plaintiff in the above-captioned case filed an amended complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Docket #4). On December 18, 2019, after a series of settlement negotiations, the parties filed a joint motion for the Court's approval of the settlement, dismissal of the complaint with prejudice, and entry of judgment. (Docket #15). The parties included the confidential settlement agreement as an exhibit to the document. (Docket #15-1). In light of the document's purportedly confidential nature, the Court will restrict this document so that it is viewable only to the parties and the Court.

The Court has reviewed the terms of the settlement agreement, (Docket #15-1), and finds that the parties' settlement constitutes "a fair and reasonable resolution of a bona fide dispute" under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq. Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). As such, the Court will approve the parties' settlement agreement, which resolves Plaintiff's claims for unpaid back wages and damages. Further, as requested, the Court will dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that the parties' joint motion for approval of settlement (Docket #15) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the parties' settlement agreement (Docket #15-1) be and the same is hereby **APPROVED** and incorporated into the terms of this Order;

**IT IS FURTHER ORDERED** that, according to the terms of the settlement agreement, Defendant shall make the three payments described in (Docket #15-1 at 1–2) within four (4) business days after the later of (1) Wisconsin Bank & Trust's receipt of the Agreement executed by Bangart; (2) Wisconsin Bank & Trust's receipt of a valid, complete, and current IRS Form W-9 from Bangart and Bangart's legal counsel; (3) Wisconsin Bank & Trust's receipt of a valid, complete, and current IRS form W-4 from Bangart; and (4) the Court's dismissal of the litigation with prejudice; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2019.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge